Submitted March 9, reversed and remanded April 29, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

W. E. D.,
*Defendant-Appellant.*

Jackson County Circuit Court
17CR50357; A167827

461 P3d 1108

Lisa C. Greif, Judge.

Anna M. Joyce, Lauren F. Blaesing, and Markowitz Herbold PC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals from a judgment of conviction for one count of fourth-degree assault constituting domestic violence. In his first assignment of error, defendant argues that the trial court erred in admitting out-of-court statements of a witness, because the state failed to prove that the witness was unavailable to testify at trial, as required by Article I, section 11, of the Oregon Constitution. The state concedes the error. As explained below, we accept the state's concession and reverse and remand. We reject defendant's second assignment of error without discussion.

The witness at issue here is the alleged victim. She had made out-of-court statements to her treating doctor, including that she was assaulted by her significant other. Before trial, defendant moved to exclude those hearsay statements on the basis that the state had not shown that the witness was unavailable to testify. At that time, despite multiple attempts, the state had been unsuccessful in contacting the witness and in attempting to serve her with a trial subpoena. Based on that evidence, the trial court determined that the witness was unavailable and denied defendant's motion. After that ruling, the state successfully contacted the witness and served her with a trial subpoena. The witness also indicated that she would appear for trial. The witness, however, failed to appear on the first day of trial, and the state did not try to contact her. Although the trial court directed the state to make efforts to contact the witness before the second day of trial, the trial court allowed the doctor to testify on the first day of trial about the witness's out-of-court statements based on the witness's unavailability. The witness did not appear and testify at trial.

On appeal, defendant argues that the state did not meet the standard for witness unavailability under Article I, section 11, which requires the state to show that it has "exhausted all reasonably available means of producing the witness." *State v. Harris*, 362 Or 55, 66, 404 P3d 926 (2017). The state concedes that, in this case, it did not meet that burden after the witness failed to appear on the first

day of trial, because the state did not attempt to contact the witness or explain why such efforts would be futile.

We agree with and accept the state's concession. In *Harris*, 362 Or at 66, the Supreme Court concluded that simply demonstrating nonattendance in response to a subpoena is not sufficient to demonstrate a witness's unavailability under Article I, section 11, which is all that the state did in this case. *Cf. State v. Belden*, 303 Or App 438, 447, 464 P3d 465 (2020) (state's efforts to secure the witness were sufficient where, despite the witness saying she did not want to testify and evading service, the state successfully served her with a subpoena; spoke with the witness's probation officer about securing the witness's testimony; and, on the morning of trial, unsuccessfully attempted to contact the witness in person at her home).

Because the state did not meet its burden to show that the witness was unavailable to testify, under Article I, section 11, the trial court erred in admitting the witness's out-of-court statements. That error was not harmless. Accordingly, we reverse and remand.

Reversed and remanded.